# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| vs. | ) NO. 2:08-cr-111 |
| | ) |
| JORGE QUINTERO, | ) |
| | ) |
| Defendant/Petitioner. | ) |

## OPINION AND ORDER

This matter is before the Court on the Amended Place Holder Petition, filed by Petitioner, Jorge Quintero, on July 24, 2012, treated by this Court as a section 2255 motion (DE #129). For the reasons set forth below, the section 2255 motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 09826-027), Federal Correctional Institution, P.O. Box 800, Herlong, California 96113, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On July 2, 2008, Quintero was charged with his co-defendant, Martinez, in an indictment. Quintero was charged with: bank robbery by force, violence, or intimidation in violation of 18

U.S.C. §§ 2113(a) and 2 (Count 1); discharge of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), 2113(a), and 2 (Count 2); knowing possession of a firearm and ammunition as an illegal alien in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2) and 2 (Count 3); and unlawful entering and remaining in the United States in violation of 8 U.S.C.§ 1325(a) (Count 4).

As more fully set forth in the facts of *United States v. Quintero*, 618 F.3d 746 (7th Cir. 2010), Quintero entered into an amended plea agreement on December 9, 2008, agreeing to plead guilty to all four counts of the indictment against him. (DE #37.) The change of plea hearing was held before Magistrate Judge Paul R. Cherry on December 9, 2008, and this Court subsequently adopted Judge Cherry's report and recommendations. (DE #50.)

Quintero's signed plea agreement contained a waiver stating that:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any

2

> appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Second Amended Plea Agreement, DE #37, ¶ 7(d).) Additionally, the plea agreement informed Quintero that maximum penalties of incarceration were: 20 years for Count 1, life in prison for Count 2, 10 years in prison for Count 3, and up to 6 months in prison for Count 4. (*Id.* ¶ 7(b).)

On June 23, 2009, this Court held a sentencing hearing for Quintero. The probation office had revised the PSR on April 26, 2009, following co-defendant's Martinez's trial. The amended report added two points to Quintero's base offense level for obstruction of justice because Quintero had perjured himself at Martinez's trial, and removed the previously present three-point reduction for acceptance of responsibility. Thus, the revised PSR calculated Quintero's total offense level at 27, which resulted in a recommended guidelines range of 70 to 87 months' imprisonment, and Count 2 remained the same. This Court sentenced Quintero to 70 months imprisonment on each of Counts 1 and 3, and a term of 6 months on Count 4, all to run concurrently. The Court also sentenced Quintero to 120 months imprisonment on Count 2, to run consecutively with the sentence imposed on the other counts. Judgment was entered on June 23, 2009.

Quintero filed a direct appeal with the Seventh Circuit on

July 2, 2009.  The Seventh Circuit issued a mandate on September 16, 2010, finding that Quintero's right to appellate review was properly waived, and dismissing his appeal.  *Quintero*, 618 F.3d 746.

On July 24, 2012 (DE #129), Quintero filed a petition entitled "Place Holder Petition."  In it, he refers to the AEDPA, and seems to be making substantive arguments which lead the Court to believe he is collaterally attacking his sentence.  Because Quintero had not yet filed a motion under section 2255, but the instant motion presented issues substantively within section 2255, the Court gave Quintero notice that the instant motion could preclude any later collateral proceedings.  *See United States v. Evans*, 224 F.3d 670, 673-75 (7th Cir. 2000).  In an order dated July 24, 2012, the Court gave Quintero notice that the arguments presented in his motion would be treated as a motion made pursuant to 28 U.S.C. section 2255, and gave him an opportunity to withdraw the motion, if he so chose, or add any other arguments for collateral relief.  (DE #130.)

Quintero never advised the Court that he wished to withdraw the claims set forth in his section 2255 petition, nor did he submit additional legal argument.  Therefore, the Court gave the parties notice that the amended "Place Holder Petition" would be treated as a section 2255 motion (DE #130), and set forth a briefing schedule.  The Government filed a response in opposition

4

on October 23, 2012 (DE #132). Quintero did not file a reply. As such, this motion is fully briefed and ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating

"cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas

petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Quintero's claims with these guidelines in mind.

Statute of Limitations

Although Quintero's claims are difficult to decipher, he seems to argue that his conviction goes against the 9th and 10th amendments because the Government did not have the legal authority to prosecute him, that the plea agreement is unconstitutional and it would "be unconscionable and absurd to allow the government to retain any benefit from a bargain that they had no authority to enter" (DE #129, p. 4), and he alleges there was ineffective assistance of counsel (although he provides no specifics). These arguments fail for several reasons, including timeliness and waiver.

Section 2255 contains a 1-year statute of limitations which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly

7

recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. "[A] collateral attack under § 2255 must be filed within one year after the date on which the judgment of conviction becomes final . . . ." *United States v. Woods*, 169 F. 3d 1077, 1078 (7th Cir. 1999).

In this case, Quintero's conviction became final on September 16, 2010, the date of the Seventh Circuit mandate. Because Quintero did not seek certiorari, "the conclusion of proceedings in the court of appeals marks finality under § 2255 ¶ 6(1)." *Garrott v. United States*, 238 F.3d 903, 904 (7th Cir. 2001) (citing *Gendron v. United States*, 154 F.3d 672 (7th Cir. 1998)). Quintero's amended "Place Holder Petition," which this Court construed as a section 2255 petition, was not filed until July 24, 2012, well outside of the 1-year statute of limitations.[1] No Government action prevented Quintero from filing a timely petition, and there is no Supreme Court decision that creates a retroactively applicable right for Quintero. Accordingly, his petition fails because it is barred by the one-year statute of limitations.

Waiver

---

[1] The Court notes that Quintero's original Place Holder Petition was filed on June 22, 2012 (DE #126), also well outside the statute of limitations.

8

Even assuming, *arguendo*, that Quintero's motion was not barred by the applicable statute of limitations, his claims still fail because of the plea agreement waiver. In Quintero's plea agreement, he expressly waived his right to appeal his sentence on any ground, as well as waived his right to contest his sentence in a section 2255 proceeding. (Plea Agreement, DE #37, ¶ 7(d).)

The Seventh Circuit has recognized the validity of plea agreement waivers, and will enforce the waiver unless there is a claim that the waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* stated that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

*Id.* at 1145.

In *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir.

9

2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

Although Quintero uses the vague phrase "ineffective assistance of counsel" in his petition (DE #129, p. 4), he does not allege that he did not understand his plea agreement, or that the waiver was not knowingly or voluntarily made. Quintero also does not argue that his counsel was ineffective with regard to the negotiation of the waiver. Indeed, the record indicates the opposite. Quintero, who does not read or write English, was provided with an interpreter. (DE #37, ¶ 1; DE #109, p. 3.) The plea agreement provided that, "I have received a copy of the Indictment and have read and discussed it with my lawyer, and believe and feel I understand every accusation made against me in this case" and "[m]y lawyer has counseled me and advised me as to

10

the nature and elements of every accusation against me and to any possible defenses I might have." (DE #37, ¶¶ 2, 3.) Quintero made similar statements during his change of plea hearing, indicating he understood the charges against him and was satisfied with his counsel. (DE #109, pp. 7-8, 12-20, 23-27.) The Court went through the provisions of the plea agreement and was satisfied that Quintero understood the terms of the agreement and was making a voluntary and intelligent decision to plead guilty and waive any right to contest his sentence. (*Id.*, pp. 9-12, 21-22, 27-28.)

Because Quintero's challenges (the constitutionality of his conviction under the 9th and 10th amendments, and the ability of the Government to prosecute him) are unrelated to the voluntariness of the waiver or ineffective assistance of counsel, Quintero waived his right to seek post-conviction relief. *See Mason*, 211 F.3d at 1069; *Jones*, 167 F.3d at 1145; *see also United States v. Kennedy*, 2004 WL 2403806, No. 04 C 5027, at *1 (N.D. Ill. Oct. 18, 2004) (express waiver prohibits the challenge unless the 2255 petition "adequately alleged that the waiver was either involuntary and unknowing, or the result of ineffective assistance of counsel."). In other words, because the issues raised in Quintero's section 2255 petition "fall squarely within the waiver language of his plea agreement," the section 2255 petition fails. *United States v. Woods*, 2004 WL 2278554, No. 04 C 50094, at *1 (N.D. Ill. Oct. 7, 2004). This Court is satisfied that Quintero voluntarily,

knowingly and intelligently waived his right to seek post-conviction relief.  *See, e.g., United States v. Davis*, 348 F. Supp. 2d 964, 966 (N.D. Ind. 2004) (finding a similar section 2255 waiver sufficient, ruling defendant knowingly and intelligently waived his right to file a section 2255 motion.); *see also Quintero*, 618 F.3d at 751 (finding Quintero knowingly and voluntarily waived his right to appeal).

CONCLUSION

For the reasons set forth above, Quintero's Amended Place Holder Petition, treated by this Court as a section 2255 motion, is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 09826-027), Federal Correctional Institution, P.O. Box 800, Herlong, California 96113, or to such other more current address that may be on file for the Petitioner.


**DATED: January 2, 2013**               **/s/ RUDY LOZANO, Judge**
                                         **United States District Court**